Norcross v. CML v. Swire          CV-97-046-M   05/29/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


<u>Norcross Associates I, et al.</u>,
    Plaintiffs

    v.                                          Civil No. 97-46-M

<u>CML Group, Inc.</u>,
    Defendant and
    Third-Party Plaintiff,

    v.

<u>Swire Source America Two, Inc.</u>,
<u>Asian American Managers, Inc.</u>, and
<u>The Eagle's Eye International, Ltd.</u>,
    Third-Party Defendants


**O R D E R**

Defendant and third-party plaintiff, CML Group, Inc., moves for summary judgment on its third-party complaint seeking a declaration of its rights and obligations with respect to liabilities arising from suit by the Norcross plaintiffs on a lease of retail space by the third-party defendants. The third-party defendants do not object to summary judgment in CML's favor on the relief sought in CML's third-party complaint. Summary judgment is appropriate when no material factual dispute exists, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

In its third-party complaint, CML asks that declaratory judgment be entered as follows:

> 1. If a judgment is entered against CML in this action, then Swire Source and Asian American are jointly and severally liable to CML for any payment by CML to Norcross III or any other of the Norcross defendants.

2.  If a judgment is entered against CML in this action, the Eagle's Eye is liable to CML under Eagle's Eye's guarantee to CML of Swire Source's and Asian American's performance and observance of the terms and conditions of the Lease.

In its motion for summary judgment, however, CML also asks the court to declare a new obligation not raised in the complaint — that third-party defendants "must bear the expense of defending CML against Norcross's claims."  CML provides no legal or factual basis for asserting that new claim in its motion, nor did it seek to amend its third-party complaint to add such a claim.  Third-party defendants dispute CML's right to defense costs.

CML cannot, of course, have summary judgment on a claim not presented in its complaint.  To the extent CML seeks judgment declaring its right to defense costs in addition to judgment on the claims actually raised in its complaint, its motion is denied.

Third-party plaintiff's motion for summary judgment (document no. 15) is granted as to the two requests for relief stated in its complaint and described above.  Judgment shall be entered accordingly.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 29, 1998

cc:  Randall F. Cooper, Esq.
     N. Roland Savage, Esq.

2

Michael G. Trachtman, Esq.
David P. Slawsky, Esq.